Robbins agt. Watson.

---

## SUPREME COURT.

### ROBBINS and ROYCE agt. WATSON.

Where the plaintiff admits the defendant's counter-claim, and takes judgment for the balance, it is not irregular to enter up judgment without *serving a notice of assessment by the clerk.*

*New York Special Term, October*, 1861.

INGRAHAM, Justice. The defendant moves to set aside the judgment in this case for irregularity.

The complaint was for a bill of goods sold to the defendant. The answer admitted the sale and delivery, but set up a counter-claim. This was admitted by the plaintiff, and judgment entered for the balance, and interest.

The alleged irregularity was,

1. In entering up judgment without serving a notice of assessment by the clerk:

2. In adjusting the costs without notice : and

3. For inserting improper charges in the bill of costs.

The only objection needing examination is the first.

The 246th section of the Code relates to cases in which the defendant does not answer, and therefore does not apply to this case.

The plaintiff having admitted the defendant's set-off, had a right to take judgment for the residue. As to that portion of the plaintiff's claim, the answer had the same effect as the *cognovit* under the old system, and the plaintiff had a right to enter judgment therefor on filing the reply.

There was not, at any rate, any necessity of an application to the clerk, as he had no authority in the premises. If any was necessary, it was to the court, and this is not complained of in the notice.

The judgment in this respect was, however, regular.

The other objection does not affect the regularity of the judgment. The plaintiff gave notice of adjustment, which was prevented by the defendant's act, in staying proceedings. If the defendant now wishes the costs re-adjusted, he must request the plaintiff's attorney, in writing, to have the same done.

Motion denied with $10 costs.